UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN PARROTT AND LAURIE PARROTT, Derivatively on Behalf of BIOPURE CORPORATION, | ) ) ) ) | Civil Action No. 1:04-cv-10177-NG |
| | | Assigned to: Judge J. Nancy Gertner |
| Plaintiffs, | ) ) | Magistrate Judge Alexander |
| vs. | ) ) ) | |
| THOMAS A. MOORE, CARL W. RAUSCH, DAVID N. JUDELSON, CHARLES A. SANDERS, M.D., C. EVERETT KOOP, M.D., DANIEL P. HARRINGTON and J. RICHARD CROUT, M.D., | ) ) ) ) ) ) | <u>DERIVATIVE ACTION</u> |
| Defendants, | ) ) ) | |
| -and- | ) ) ) | |
| BIOPURE CORPORATION, a Delaware Corporation, | ) ) ) ) | |
| Nominal Defendant. | ) ) | |

[Caption continued on next page]

| | |
|---|---|
| RICH REINISCH, Derivatively on Behalf of BIOPURE CORPORATION, | Civil Action No. 1:04-cv-10215-NG |
| Plaintiff, | Assigned to: Judge J. Nancy Gertner |
| vs. | Magistrate Judge Alexander |
| THOMAS A. MOORE, CARL W. RAUSCH, DAVID N. JUDELSON, CHARLES A. SANDERS, M.D., C. EVERETT KOOP, M.D., DANIEL P. HARRINGTON and J. RICHARD CROUT, M.D., | DERIVATIVE ACTION |
| Defendants, | |
| -and- | |
| BIOPURE CORPORATION, a Delaware Corporation, | |
| Nominal Defendant. | |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO CONSOLIDATE RELATED ACTIONS, TO APPOINT LEAD COUNSEL AND TO ENTER PRETRIAL ORDER NO. 1

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42(a), plaintiffs John Parrott, Laurie Parrott and Rich Reinisch (collectively, "Plaintiffs"), each of whom is a holder of Biopure Corporation ("Biopure") stock seeks to consolidate the above-captioned shareholder derivative actions and all later-filed shareholder derivative actions. The following shareholder derivative actions (the "Related Actions") are currently pending before the Court:

| Abbreviated Case Name | Civil Action No. | Date Filed |
|---|---|---|

| | | |
|---|---|---|
| *John Parrott and Laurie Parrott v. Thomas A. Moore, et al.* | 1:04-cv-10177-NG | 1/26/04 |
| *Rich Reinisch v. Thomas A. Moore, et al.* | 1:04-cv-10215-NG | 1/29/04 |

The Related Actions name substantially similar defendants and contain substantially similar allegations. Each complaint alleges that defendants breached their fiduciary duties to Biopure which have caused substantial losses to Biopure and other damages such as to its reputation and goodwill. Each complaint seeks to recover these losses on behalf of Biopure.

Given the similarities and to facilitate judicial economy and ensure the orderly prosecution of these claims, the Plaintiffs request that this Court: (1) consolidate the Related Actions; and (2) appoint Robbins Umeda & Fink, LLP and Barrett, Johnston & Parsley as Plaintiffs' Co-Lead Counsel and appoint Mary T. Sullivan of Segal Roitman & Coleman as Liaison Counsel to prosecute the Related Actions. Counsel for the Plaintiffs have met, conferred and agree that these Related Actions should be consolidated and that the proposed leadership structure is in the best interests of the class. The [Proposed] Pretrial Order No. 1 consolidating the Related Actions, and all later-filed related actions, establishes the leadership structure agreed to by the Plaintiffs, coordinates service of notices and orders of this Court and provides for the filing of a consolidated complaint. It will eliminate duplicative effort and promote the efficient prosecution of this action.

## II.    ARGUMENT

### A.    Consolidating All Related Actions Will Promote Judicial Economy

Rule 42(a), the Federal Rules of Civil Procedure provides:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders

concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact and when the court finds that consolidation will avoid unnecessary costs or delay. *Id. See also St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n*, 712 F.2d 978, 989 (5th Cir. 1983). The rule is invoked "to expedite trial and eliminate unnecessary repetition and confusion" (*Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)) and is "a valuable and important tool of judicial administration." *Consorti v. Armstrong World Indus.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated, remanded, sub nom., Consorti v. Owens-Corning Fiberglas Corp.*, 518 U.S. 1031 (1996). A district court has broad discretionary authority under Rule 42(a) to consolidate cases and may even consolidate cases *sua sponte. Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531(5th Cir. 1993); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Consolidation benefits both the court and the parties by expediting pretrial proceedings, avoiding duplication, avoiding harassment of parties and witnesses and minimizing the expenditure of time and money by all persons concerned. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)); *MacAlister v. Guterma*, 263 F.2d 65, 68 (2nd Cir. 1958). Here, consolidation is necessary and appropriate and will serve to promote an efficient litigation. Not only does each action name identical defendants, but each also alleges that defendants breached their fiduciary duties to Biopure by issuing false and misleading statements concerning Biopure's financial condition. The Plaintiffs in each case will seek to review the same documents and depose the same witnesses. Under these circumstances, consolidation is not only proper, but it is also necessary to avoid prejudice to the parties. *See Fields v. Wolfson*, 41 F.R.D. 329, 330 (S.D.N.Y.

1967) ("serious prejudice could result to the parties from a failure to consolidate"); *Dollens v. Zionts*, 2001 WL 1543534, *2 (N.D. Ill. Dec. 4, 2001) (derivative actions against the same director defendants alleging the same breaches of fiduciary duty are particularly appropriate for consolidation).

**B.    This Court Should Appoint a Leadership Structure of Plaintiffs' Counsel**

It is well established that a court may appoint a leadership structure of Plaintiffs' counsel to coordinate the prosecution of complex litigation. *In re Benedectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988); *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977); *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1014-15 (5th Cir. 1977). The utility in appointing lead counsel in complex actions such as this one is well recognized:

> The benefits achieved by consolidation and the appointment of general counsel, *i.e.* elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel.

*MacAlister*, 263 F.2d at 69 (citation omitted). The *Manual for Complex Litigation, Third* supports this view by recognizing the benefits of promptly appointing a leadership structure of Plaintiffs' counsel in complex multi-party litigation. §20.22 at 26, 20.221 at 26-28 (Federal Judicial Center 1995).

The appointment of Robbins Umeda & Fink, LLP and Barrett, Johnston & Parsley as Plaintiffs' Co-Lead Counsel, will serve the best interests of the class. The proposed Co-Lead Counsel have extensive experience in prosecuting complex shareholder derivative actions such as this one. *See* Declaration of Mary T. Sullivan in Support of Plaintiffs' Joint Motion to

Consolidate Related Actions, to Appoint Lead Counsel and to Enter Pretrial Order No. 1 filed herewith. Appointment of Plaintiffs' proposed leadership structure will serve to efficiently coordinate all Plaintiffs' common interests in prosecuting the case and will streamline the proceedings and avoid duplicative and unproductive effort.

**C.    This Court Should Grant Plaintiffs Leave to File a Consolidated Complaint**

Plaintiffs' proposed consolidated complaint will promote the expeditious resolution of pleading matters, since any motions directed to the pleadings will be heard on a single hearing date to be set by the Court and will relate to only one set of pleadings. Such procedures will not only simplify the presentation of any issues desired to be raised by the defendants concerning the sufficiency of the complaint, but will also avoid duplicative motions and hearings and unnecessary delay in the resolution of such issues. Entry of the [Proposed] Pretrial Order No. 1 will assist the Court and the parties by providing for the orderly, cost effective and timely prosecution of all related actions.

**III.    CONCLUSION**

In the interests of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court order consolidation of all present and subsequently filed related shareholder derivative actions, appoint their proposed leadership structure of Plaintiffs' counsel and enter Pretrial Order No. 1.

Dated: March 8, 2004.

Respectfully submitted,

MARY T. SULLIVAN, BBO #487130
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108

-6-

Telephone: 617/742-0208
Facsimile: 617/742-2187

GEORGE E. BARRETT,
DOUGLAS S. JOHNSTON, JR.
TIMOTHY L. MILES
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, TN 37201
Telephone: 615/244-2202
Facsimile: 615/252-3798

BRIAN J. ROBBINS
JEFFREY FINK
ROBBINS UMEDA & FINK, LLP
1010 Second Avenue, Suite 2360
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991

JAMES G. STRANCH
BRANSTETTER, KILGORE, STRANCH
& JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO CONSOLIDATE RELATED ACTIONS, TO APPOINT LEAD COUNSEL AND TO ENTER PRETRIAL ORDER NO. 1 AND CERTIFICATION OF COUNSEL has been served on the following via U.S. First-Class mail, postage-prepaid, on this the 8th day of March, 2004:

ROBERT A. BUHLMAN, BBO #554393
EUNICE E. LEE, BBO #639856
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110

-7-

Telephone: 617/951-8000

Counsel for Defendants

_____
Mary T. Sullivan